## Dubin v. Suburban General Hospital

The instant action is one of many which arose from a mix-up in the pipe lines carrying oxygen and nitrous oxide to the emergency room of defendant Suburban General Hospital. Presently before us for disposition, set forth in chronological order, are the following:

(1) Preliminary objections of additional defendants Hospital Building and Equipment Company and Kummer Construction Company, Inc., to the

complaint of Nason and Cullen, Inc., raising a question of jurisdiction, the timeliness of joinder, the timeliness of the filing of the complaints, failure to serve copies of all prior pleadings with the complaint and a motion for a more specific complaint (filed June 5, 1978);

(2) Preliminary objections of additional defendant Frederick A. Dotts & Associates to complaint of Nason and Cullen, Inc., raising a question of jurisdiction, a demurrer, a motion for more specific complaint, a motion to strike, an objection to joinder and failure to join a necessary party (filed June 7, 1978);

(3) Preliminary objections of defendant Laughlin to the new matter in defendant Suburban General Hospital's answer to plaintiff's complaint, raising a question of jurisdiction (filed June 26, 1978);

(4) Preliminary objections of defendant Nason and Cullen, Inc., to the new matter in defendant Suburban General Hospital's answer to plaintiff's complaint, raising a question of jurisdiction (filed July 7, 1978);

(5) Preliminary objections of defendant Laughlin to plaintiff's complaint, raising a question of jurisdiction (filed July 17, 1978);

(6) Preliminary objections of defendant Nason and Cullen, Inc., to plaintiff's complaint, raising a question of jurisdiction (filed August 3, 1978);

(7) Plaintiff's motion to produce documents, directed to defendant Laughlin (filed August 21, 1978);

(8) Preliminary objections of defendant A. T. Chadwick Company, Inc., to plaintiff's complaint, raising a question of jurisdiction (filed August 28, 1978);

(9) Preliminary objections of defendant A. T. Chadwick Company, Inc. to the new matter of additional defendant Driscoll and defendant Nason and Cullen, Inc., raising a question of jurisdiction (filed August 28, 1978);

(10) Preliminary objections of additional defendant Dotts to new matter of defendant A. T. Chadwick Company, Inc. raising a question of jurisdiction (filed September 6, 1978); and

(11) Defendant Nason and Cullen, Inc.'s motion to join Kummer Construction Company, Inc. as an additional defendant nunc pro tunc, contained in its response to Kummer's preliminary objections (filed February 13, 1979).

As to the questions of jurisdiction raised, all objecting defendants and additional defendants contend that the Arbitration Panels for Health Care lack jurisdiction because the claims against them are not for loss or damages resulting from the furnishing of medical services.

Section 502 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.502, provides in part as follows:

"[A] party may join any additional party who may be necessary and proper to a just determination of the claim. The arbitration panel shall have jurisdiction over such additional parties whether they be health care providers or nonhealth care providers."

Despite this broad language, for purposes of joinder under the act the term "nonhealth care provider" has been construed to refer to only those persons who, like manufacturers of drugs or surgi-

cal instruments, are kindred to health care providers: Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295-1298 (1978).

In Gillette, the following pertinent observations were made by the court in construing the legislative intent of the act:

"Our close examination of the Act, considering the provisions of the Statutory Construction Act of 1972, 1 Pa.C.S.A. §1501 et seq., leads to the inevitable conclusion that the legislature never intended the Arbitration Panels for Health Care to pass upon questions other than that of medical malpractice. While it is true that Section 502 permits joinder of 'any additional party who may be necessary and proper to a just determination of the claim,' still the 'claim' intended to be justly determined is one 'for loss or damages resulting from the furnishing of medical services which were or which should have been provided.' Sections 309 and 401.

"Were we to hold to the contrary, the Arbitration Panel would have jurisdiction over virtually every type of tort claim which contributes, however remotely, to an injury which is also partly caused or aggravated by an act of malpractice. We may not assume that the legislature attempted to place so impossible a burden upon the Arbitration Panels in the absence of clear language in the Act indicating its intention to do so."

From this reasoning it is apparent that our jurisdiction is to be rather narrowly defined and, as to nonhealth care providers, should be limited to include only those who are so closely connected with the providing of medical services as to be essential to a just determination of the plaintiff's malpractice claim against the health care providers. Inas-

much as claims against builders, architects, designers and other persons involved in construction and planning of health care structures are normally complex, time-consuming and unrelated to the providing of health care services, we are of the opinion that, in the ordinary case, the legislature never intended such matters to be brought before us for disposition.

However, the factual background presented in the instant case can hardly be termed usual or ordinary. Oxygen and nitrous oxide piping systems in an emergency room differ significantly from other aspects of hospital building construction in that proper design, installation and labeling of such systems is often the difference between life and death for a patient in an emergency situation. Thus, in this peculiar instance, the objecting defendants and additional defendants were providing services which, like services of drug and surgical instrument manufacturers, *are* kindred to those provided by conventional health care providers. Consequently, we conclude that all defendants and additional defendants joined in the instant action are nonhealth care providers subject to our jurisdiction under sections 309 and 502 of the act.

We emphasize that it is the unique and unusual factual background of the case which compels this exception to the general rule that the arbitration panels lack jurisdiction over claims of negligence involving structural defects in hospitals or other health care facilities. Thus, for the reasons expressed above, the preliminary objections raising questions of jurisdiction are overruled.

Likewise, we find no merit in the remaining preliminary objections. The complaint is sufficiently specific and no grounds exist to warrant striking it.

The matter has become so complex that, at this point, we feel discovery (rather than an amended complaint) is the means most useful to advise the parties of the substance of claims being made against them. Further, we are of the opinion that allowing the late joinder objected to is the course best calculated to promote the interests of justice and economy of effort. Consequently, defendant Nason and Cullen, Inc.'s motion to join Kummer as an additional defendant nunc pro tunc is granted and the objections to late joinder are overruled.

The remaining issue to be resolved concerns plaintiff's request to Laughlin for production of the following documents:

a. The original plans and specifications for the emergency ward at Suburban General Hospital and any alterations thereto;

b. The plans and specifications, including mechanical drawings and blueprints, of the oxygen and nitrous oxide supply systems in the emergency ward at Suburban General Hospital;

c. All "as-is" drawings designating, among other things, the actual construction of the emergency room, including the alterations from the original plans.

In his answer to plaintiff's motion, filed August 23, 1978, defendant Laughlin contends, inter alia, that

(1) the documents sought are irrelevant;

(2) to require them to be produced would impose undue hardship upon him; and

(3) other persons over whom he has no control may be in possession of them.

We are of the opinion that the request for production should be granted inasmuch as it requests no more than the plans, specifications and data used in constructing the subject emergency room.

Further, insofar as the requested documents are in Laughlin's possession or in the possession of persons over whom he has control, the request imposes no undue hardship upon him. Accordingly, we enter the following

### ORDER

And now, April 9, 1979, upon consideration of all matters set forth above, it is hereby ordered and decreed that all preliminary objections considered in the foregoing opinion are overruled. It is further ordered and decreed that defendant Nason and Cullen, Inc.'s motion to join additional defendant nunc pro tunc is granted. It is further ordered and decreed that plaintiff's motion to produce documents is granted. Defendant Laughlin shall produce all documents requested which are in his possession or in the possession of those over whom he has control within 30 days from the date this order is certified from the record or suffer imposition of appropriate sanctions. It is further ordered and decreed that all parties required to file responsive pleadings as a result of this order (who have not already done so) shall file them within 20 days from the date this order is certified from the record.